1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CAROLINA ZAMORA MAGANA,

Plaintiff,

v.

ARCHER DANIELS MIDLAND CO., INC.,

Defendant.

_____/

Case No.  1:20-cv-00578-NONE-SKO

**ORDER RE SUPPLEMENTAL BRIEFING DIRECTED TO PLAINTIFF'S MOTION FOR LEAVE AMEND COMPLAINT AND CONTINUING HEARING**

(Doc. 21)

On March 10, 2021, Plaintiff Carolina Zamora Magana filed a motion for leave to amend complaint, which is set for hearing on April 14, 2021.  (Doc. 21.)  Defendant Archer Daniels Midland Company filed an opposition brief on March 31, 2021.  (Doc. 22.)  No reply brief was filed.

Defendant removed this action to federal court on the basis of diversity jurisdiction on March 30, 2020.  (*See* Doc. 1.)  By her amendment, Plaintiff seeks to join as a defendant Elizabeth Hurtado, who appears to be a citizen of California and would destroy diversity jurisdiction.[1]  (*See* Doc. 21 at 11 ¶ 3.)  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and

_____

[1] The undersigned observes that Plaintiff's proposed amended complaint indicates that this Court would have jurisdiction over this case irrespective of Ms. Hurtado's joinder because "[t]he parties have stipulated to have this matter heard in the United States District Court for the Eastern District of California" and have "consented to magistrate judge jurisdiction."  (Doc. 21 at 13 ¶ 18.)  It is well established, however, that "parties cannot . . . create federal court subject matter jurisdiction by stipulation."  *Holman v. Laulo–Rowe Agency*, 994 F.2d 666, 668 n.1 (9th Cir. 1993) (citing *Neirbo Company v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165 (1939)).  Thus, an agreement between the parties to submit to federal jurisdiction is insufficient to confer the same upon this Court.

remand the action to the State court." 28 U.S.C. 1447(e). Plaintiff's motion does not reference Section 1447(e), and instead relies on Federal Rule of Civil Procedure 15(a).[2] (*See* Doc. 21.) Rule 15(a) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

While the Ninth Circuit has not addressed the issue, several district courts, including this district, have determined that "the proper standard for deciding whether to allow post-removal joinder of a diversity-destroying defendant is set forth in 28 U.S.C. 1447(e)." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 n.2 (C.D. Cal. 2002) (citations omitted); *see also Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1173 (E.D. Cal. 2011) ("Plaintiffs may not circumvent 28 U.S.C. § 1447(e) by relying on Fed .R. Civ. P. 15(a) to join non-diverse parties.") (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086 (C.D. Cal. 1999) (holding that amendment under Fed. R. Civ. P. 15(a) should not be permitted where to do so would destroy diversity after removal because it "would allow a plaintiff to improperly manipulate the forum of an action")).

Section 1447(e) is "couched in permissive terms" and "clearly gives" district courts discretion in deciding whether to permit or deny joinder of a non-diverse defendant. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). *See also Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) ("[W]here a proposed amendment would add a non-diverse party after removal—thereby precluding existing, diversity jurisdiction—there is greater discretion in determining whether to allow the amendment."); *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) ("Under 1447, whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the court."). In deciding whether to deny or permit joinder under 1447(e), courts typically analyze the following six factors:

> (1) [W]hether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal

---

[2] Defendant's opposition similarly does not refer to 28 U.S.C. § 1447(e).

> jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation*, 125 F. Supp. 2d at 1011 (internal citations omitted).

As the parties' briefing does not mention, much less address, 28 U.S.C. § 1447(e), the parties are ORDERED to file supplemental briefing regarding whether Plaintiff shall be permitted to amend her complaint to add Ms. Hurtado as a defendant under Section 1447(e). The parties SHALL also address whether this case should be remanded to state court should the Court grant Plaintiff's motion.

To allow for the submission of supplemental briefing, the hearing on Plaintiff's motion to amend is **CONTINUED to May 19, 2021**. Plaintiff SHALL file her supplemental brief **by no later than April 28, 2021**. Defendant SHALL file its opposition **by no later than May 5, 2021**. Any reply by Plaintiff SHALL be filed **by no later than May 12, 2021.**[3]

IT IS SO ORDERED.

Dated: __**April 12, 2021**__　　　　　　　_____/s/ Sheila K. Oberto_____

　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[3] The undersigned encourages the parties to meet and confer in an attempt to reach an agreement on any amendment prior to submitting their supplemental briefing.